45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jeffery Dean COOPER, Plaintiff-Appellant,
v.
PRISON HEALTH SERVICE, Dr. (NFN) Baucum, Dr. (NFN) Winblad,
Dr. (NFN)(NMI) Carper, Dr. Ky (NMI) Hoang,
Defendants-Appellees.
 No. 94-3261.
 United States Court of Appeals, Tenth Circuit.
 Jan. 6, 1995.
 
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument. We grant the right to appeal in forma pauperis in order to reach the merits of the case.
 
 
 2
 Plaintiff Jeffery Dean Cooper appeals the district court's grant of summary judgment against him in his 42 U.S.C.1983 suit against Prison Health Services, the provider of health care for the El Dorado Kansas Correctional Facility, and several of its physicians. The complaint alleged deliberate indifference to plaintiff's medical needs rising to the level of a constitutional violation under Estelle v. Gamble, 429 U.S. 97 (1976). Plaintiff asserted that defendants violated his Eighth Amendment rights by denying him effective treatment for two fractured vertebrae.
 
 
 3
 The district court ordered a Martinez report, which concluded that "plaintiff has repeatedly refused to cooperate with medical staff," and that his "allegation that he has not received medical attention is unfounded." I R. Supp. 30, attachment. Defendants filed a motion for summary judgment, and plaintiff made no response but did file a motion under Fed.R.Civ.P. 41(a)(1) to dismiss the action without prejudice, which the district court denied.
 
 
 4
 In ruling on defendants' motions for summary judgment, the court considered defendants' statements of facts concerning plaintiff's medical care as uncontroverted. After reviewing the record, including affidavits summarizing the medical treatment provided to plaintiff, and the Martinez report, the district court granted summary judgment in favor of all defendants, finding there were no contested issues of fact that would support plaintiff's claim.[2]
 
 
 5
 On appeal plaintiff asserts that he failed to receive copies of many of defendants' motions, and that he received erroneous advice from the Legal Services for Prisoners suggesting he file a motion to dismiss without prejudice. The record contains no information concerning any advice given to plaintiff by Legal Services for Prisoners. In any event, the competency of counsel in a civil case is not a ground for reversal on appeal (although it might be the basis for a malpractice lawsuit or complaint to the state licensing board).
 
 
 6
 We are disturbed by plaintiff's contentions that he failed to receive many of the pleadings in this case, including the motions for summary judgment. It seems unlikely that plaintiff never received those pleadings, in view of the certificates of mailing attached to them. Plaintiff's contention is supported, however, by his letters to the court, see I R. Supp. (letter to Judge Saffels, Jan. 20, 1993); I R. Supp. 29 (March 15, 1993 letter to Clerk) complaining that he had failed to receive certain pleadings.
 
 
 7
 Even if we accept plaintiff's assertion that he failed to receive the summary judgment motions, he did receive the court's final order. He then should have filed a Rule 59 or 60 motion to request an opportunity to respond to the summary judgment motions; he failed to do so. Further, our review of the medical reports indicate that there was no chance plaintiff would be able to show the asserted deliberate indifference to his medical needs. Therefore, we AFFIRM the grant of summary judgment for defendants.
 
 
 8
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The district court denied all relief, including the injunctive relief requested for an examination by a neurologist and for orthopedic treatment